TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00473-CR






Travis Lavel Ghant, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 53391, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Travis Lavel Ghant guilty of sexual assault of a child. See
Tex. Pen. Code Ann. § 22.011 (West Supp. 2005). The court assessed punishment, enhanced by
previous felony convictions, at imprisonment for life. Appellant contends that the court erred by
overruling two of his jury challenges and by permitting the State to offer evidence of the
complainant's prior sexual conduct. We find no reversible error and affirm the conviction.

The complainant testified that appellant forced her to have sexual intercourse with
him on numerous occasions between September 1999 and July 2000. She made her first outcry in
early 2002, when she was told that appellant was planning to return to the Killeen area.

In his first point of error, appellant contends that the trial court erred during jury
selection by refusing his request for two additional peremptory strikes. Whether appellant was
entitled to the additional strikes depends on whether the trial court should have granted appellant's
challenges for cause to two venire members. See Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim.
App. 1992). We review a ruling on a challenge for cause with considerable deference and will
reverse only if a clear abuse of discretion is shown. Newbury v. State, 135 S.W.3d 22, 32 (Tex.
Crim. App. 2004).

The first of the two challenged venire members said during individual questioning
that he had two daughters aged eleven and eighteen. The older daughter was sexually abused when
she was fifteen, and the venire member had "mixed feeling about . . . whether I can be fair to the
accused." When asked if he would favor the State, he answered, "I can't answer that, sir." Asked
if he would require the defense to present evidence, he replied, "I can't really answer that. I got to
hear the case." He indicated that he would "probably" like to hear the defendant testify, but he
understood the right to remain silent and would follow the law. He added, "I will follow the law. 
I will try to be fair on my decision but it will be real difficult for me to hear the case."

The second challenged venire member had been sexually assaulted when she was five. 
When asked if it would be difficult for her to put aside her personal experience and decide this case
on the evidence, she first said that it would but then said that it would not. In response to questions
by defense counsel, she said that she would want to hear the defendant testify before deciding the
case. But when questioned by the prosecutor, she stated that she would follow the law and not take
the defendant's silence as evidence of guilt. She agreed that she "would have to look at all the
evidence and the facts" before deciding whether appellant was guilty.

Appellant did not specify the grounds for his challenges at trial, and he does not do
so on appeal. We infer that appellant contends that the venire members in question were biased
against him or the law on which he was entitled to rely, specifically the right to remain silent. See
Tex. Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (West Supp. 2005). Although both venire
members indicated that their personal experiences would make it difficult for them to serve, neither
expressed a bias against appellant or in favor of the State. The two venire members expressed a
preference for hearing the defendant testify, but were willing to follow the law and base their verdicts
on the evidence. We find no clear abuse of discretion in the trial court's denial of the challenges for
cause. It follows that appellant was not entitled to additional peremptory strikes. Point of error one
is overruled.

In his second point of error, appellant complains that the trial court erred by
permitting the State to offer evidence of the complainant's prior sexual conduct in violation of rule
412. See Tex. R. Evid. 412. Outside the jury's presence, the complainant testified that she had been
sexually abused by an uncle several years before the assault for which appellant was on trial, and that
this earlier abuse did not involve the penetration of her sexual organ. Appellant asked the court for
permission to question the complainant about this earlier abuse in order to rebut or explain the
anticipated medical testimony. See id. rule 412(b)(2)(A). The request was denied. In separate
rulings, the court also denied appellant permission to question the outcry witness and the
complainant's counselor about this earlier abuse. Appellant does not challenge these rulings on
appeal.

After these rulings were made, the State called the sexual assault nurse examiner who
examined the complainant in April 2002 following the outcry against appellant. The nurse testified
that the complainant's hymen had been torn, apparently by blunt force trauma. The laceration was
well-healed. The witness could not date the laceration or state that it was the result of a sexual
assault.

The State then recalled the complainant. Over appellant's objection, she was
permitted to testify that appellant was the only person with whom she had sexual intercourse prior
to the date of the nurse's examination. She also testified that no object had ever been forced into her
vaginal opening. It is the admission of this testimony that appellant contends was error.

No violation of rule 412(b) is shown. The rule generally prohibits the admission of
evidence of specific instances of an alleged sexual assault victim's past sexual behavior. Tex. R.
Evid. 412(b). The complainant's testimony did not violate this rule because it concerned the absence
of past sexual behavior. (1) Point of error two is overruled.

We received a pro se brief from appellant. Although hybrid representation is not
allowed, we have reviewed the pro se brief in the interest of justice. See Patrick v. State, 906 S.W.2d
481, 498 (Tex. Crim. App. 1995). The pro se brief relies on asserted facts not contained in the
record and adds nothing to the brief filed by counsel.


The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 13, 2006

Do Not Publish
1. This distinguishes the evidence adduced by the State from the evidence appellant was not
permitted to offer. We also note that the uncle's prior abuse would not have rebutted or explained
the State's medical evidence because the complainant said that her uncle did not penetrate her
vagina.